UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CLEMENTE MORALES-ARCADIO, et al., and
all others similarly situated,

Plaintiffs,

EMILIANO HERNANDEZ-CALZO, et al.,

Opt-in Plaintiffs,

v.                          605CV062

SHANNON PRODUCE FARM, INC., et al,

Defendants.

# ORDER

## I. INTRODUCTION

Following entry of consent settlement orders in this farmworkers compensation case, plaintiffs -- a group of farmworkers -- filed a $14,129.91 Bill of Costs against defendants Shannon Produce Farm, Inc. (SPFI) and James G. Shannon, Jr. (Shannon). Doc. # 269. The Clerk taxed the full bill. Doc. # 271.

Objecting, defendants argue that: (1) plaintiffs cannot recover from Shannon because all claims against him were resolved through the consent orders, rather than a judgment on the merits; (2) plaintiffs failed to show that F.R.Civ.P 54(d)(1)[1] authorizes their copying expenses; and (3) the settlement was intended to resolve *all* claims, including costs. Doc. ## 272, 275.

---

[1] "Unless a federal statute, these rules, or a court order provides otherwise, costs, other than attorney's fees should be allowed to the prevailing party." Rule 54(d)(1).

## II. ANALYSIS

### 1. *Cost Awards are Discretionary*

Even if plaintiffs qualify as a "prevailing party" as argued, that status does not guarantee an award of costs. Rule 54(d)(1)'s text provides for cost shifting *unless* a court orders otherwise. F.R.Civ.P. 54(d)(1). The Court thus has discretion to grant or deny costs. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) ("[Rule 54(d)(1)] establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise"). Its discretion is not unfettered. "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.*

This Court was intimately involved in the settlement discussions between the parties. It served as mediator during a full day of negotiations, initiated multiple phone calls between the parties, and worked with the parties toward the goal of reaching closure to this litigation -- a goal that everyone agreed to pursue. At the end of the day, both parties represented to this Court that this case had been settled. Not partially settled, but in fact, settled. The Court approved the settlement as resolving all issues between the parties in full -- including costs.

The Court has a sound basis for denial of costs. It will not exercise its discretion to allow a party to play "Gotcha" after a settlement has been reached when all parties present, including the Court, were led to believe that this case was over and all issues were resolved. The Court's ruling is in no small part driven by its duty to uphold social policy favoring settlements. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources"); *Insurance Concepts, Inc. v. Western Life Ins. Co.*, 639 F.2d 1108, 1111 (5th

Cir. 1981) ("Without a doubt, public policy favors the settlement of claims brought before the courts").

## 2. *Terms of the Agreement*

Additionally, the Court is not convinced that the text of the settlement documents supports an award of costs. "A settlement agreement is a contract, the construction of which is a question of law for the court." *In re World Bazaar Franchise Corp.*, 167 B.R. 985 (N.D.Ga. 1994) (citing O.C.G.A. § 13-2-1). This settlement is governed by Georgia law. Doc. # 261 at ¶ 11, # 264 at ¶ 12.

The settlement states that *"Plaintiffs and Defendants resolve their dispute* and agree to dismissal of the Count I [and II] claims in [this case] with prejudice." Doc. ## 261 ¶ 10 (Count I), 264 ¶ 11 (Count II) (emphasis added). "Resolve their dispute" speaks of closure, and Counts I and II were the only counts (out of seven) that were filed against Shannon. Doc. # 1.

The cardinal rule of contract construction is to ascertain the intention of the parties, and such intent trumps all other technical rules of construction. *See* O.C.G.A. 13-2-3. "In order to ascertain that intent, the language of the agreement should be considered in light of all the surrounding circumstances, and the court should place itself as nearly as possible in the situation of the parties in seeking the true meaning and correct application of the contractual language." *Georgia R.R. Bank & Trust Co. v. Federal Deposit Ins. Corp.*, 758 F.2d 1548, 1552 (11th Cir. 1985) (citation omitted).

The Court can place itself "in the situation of the parties" because it was present during the settlement negotiations. The plaintiffs assured the Court and defendants with firm conviction that all issues had been resolved and the agreement resolved everything. The intent of the parties was to settle all issues. Completely.

Given the Court's ruling, it is unnecessary to address whether plaintiffs were a "prevailing party" or respond to defendants' objections to plaintiffs' photocopy expenses.

## III. CONCLUSION

Accordingly, the Court *SUSTAINS* the Objections (doc. ## 272, 275) of Shannon Produce Farm, Inc. and James G. Shannon, Jr. to the plaintiffs' Bill of Costs. The Clerk therefore shall tax no costs against the defendants.

This  29  day of September, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA